**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 28, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 06-50428
Summary Calendar

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOLANDA JEAN MADDEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 7:05-CR-134
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

After a bench trial, the district court found Yolanda Madden guilty of possession with intent to distribute methamphetamine within 1000 feet of a university, a junior high school, and a playground. She contends she did not validly waive her right to a jury trial, despite that she executed a waiver in accordance with Fed. R. Crim. P. 23(a) and makes no claim of prejudice. By executing the waiver, and absent a claim of prejudice, she is presumed validly to

—————————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

have waived her right to a jury trial. See United States v. Tobias, 662 F.2d 381, 387 (Former 5th Cir. Nov. 1981). Moreover, Rule 23 "is a formulation of the constitutional guaranty of trial by jury," and its waiver provision "embodies existing practice, the constitutionality of which has been upheld." FED. R. CRIM. P. 23(a) advisory committee's notes (1944). Madden therefore shows no constitutional or other reversible error in connection with her waiver of a jury trial.

Madden contends that the warrantless search of her vehicle was not supported by probable cause because the informant who led police to her was not shown to be reliable. The informant identified Madden by name and by photograph, and he provided credible and detailed information about her, including her history of selling methamphetamine to him, where she lived, her father's place of business, and what vehicles she drove. As police observed, the informant initiated two telephone conversations with Madden to arrange to buy methamphetamine from her. Police corroborated information about her vehicle, and the informant accurately predicted her arrival at the set location in the vehicle she was driving. Under the totality of the circumstances, the information given by the informant provided probable cause to stop and search Madden's vehicle. See United States v. Delario, 912 F.2d 766, 767-68 (5th Cir. 1990) (finding probable cause on similar information); United States v. Reyes, 792 F.2d 536, 539 (5th Cir. 1986) (same).

Madden contends that her admission to police that there was methamphetamine in her vehicle should not have been admitted, because it was either the fruit of an illegal stop or obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). Because the information provided by the informant established probable cause or at least reasonable suspicion for the stop, Madden's admission was not the fruit of an illegal stop.

Madden's statement was not obtained in violation of Miranda. Police had only just stopped her at the meeting site, and a detective had explained that police were conducting a drug investigation and had reason to believe she possessed methamphetamine, when she blurted out that there was methamphetamine in a bag inside her vehicle. She was not in custody. See United States v. Bengivenga, 845 F.2d 593, 596 (5th Cir. 1988) (en banc). Miranda therefore did not apply. See United States v. Courtney, 463 F.3d 333, 336 (5th Cir. 2006).

In addition, Madden was not being interrogated. Nothing in the record suggests that the officers expected her to blurt out that she was carrying illegal drugs before being arrested, Mirandized, or questioned further. See Rhode Island v. Innis, 446 U.S. 291, 301 (1980); United States v. Savell, 546 F.2d 43, 46 (5th Cir. 1977).

Madden contends that the district court should have departed downward to cancel out her two-level sentence increase based on the crime's proximity to two schools and a playground. She argues that

police entrapped her into appearing at that location.  To the extent this is a legal question concerning the application of U.S.S.G. § 2D1.1, comment. (n.14), we have jurisdiction to review the decision.  Note 14 to § 2D1.1 does not apply because, by its own terms, note 14 provides for a potential downward departure "in a reverse sting (an operation in which a government agent sells or negotiates to sell a controlled substance to a defendant). § 2D1.1, comment. (n.14).  This was not a reverse sting, because the government was not acting as the seller.  Moreover, the evidence shows no sentence entrapment, but rather that the site for the meeting was chosen by Madden and the informant, without police input, because it was convenient for Madden.

The judgment is AFFIRMED.