No. 07-20075

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2008

Charles R. Fulbruge III
Clerk

—————

No. 07-20075

—————

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NANCY IGBINOSUN

Defendant-Appellant

—————————————

Appeal from the United States District Court
for the Southern District of Texas

—————————————

Before DAVIS and SOUTHWICK, Circuit Judges, and CLARK, District Judge.[*]

CLARK, District Judge:

After a one day bench trial, Nancy Igbinosun was acquitted on one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count I) and convicted on one count of importing a controlled substance in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(A) (Count II). Igbinosun now appeals her conviction, charging that her waiver of her Sixth Amendment right to trial by jury was not knowing and

—————————

[*]District Judge for the Eastern District of Texas, sitting by designation.

1

intelligent, that the district court erred by failing to give her the opportunity to present closing argument, and that the verdicts on Counts I and II were inconsistent and premised on an error of law. For the reasons discussed below, we affirm.

## I. Facts and Procedural Background

Igbinosun was arrested on November 26, 2004 after being detained by officials at George Bush Intercontinental Airport in Houston, Texas, upon her return from Nigeria with her five year old daughter. She was later found to have swallowed fifty-eight pellets of heroin. Igbinosun told officials that she did so because individuals in Nigeria had kidnaped her daughter and refused to return the child until she swallowed the drugs.

On March 11, 2005, the district court granted Igbinosun's Motion for a Psychiatric Exam, regarding her sanity at the time of the offense and her competency to stand trial. The psychiatric report filed on September 2, 2005 stated that Igbinosun was sane at the time of the offense, but was incompetent to stand trial as of August 18, 2005. This report also found "objective information" indicating that Igbinosun suffered from a "major mental disorder, in the form of Major Depressive Disorder." Igbinosun was later re-evaluated and found competent to stand trial in April 2006.

On May 30, 2006, Igbinosun filed a written motion to proceed with a bench trial, waiving her right to jury.[1] Igbinosun also signed a "Waiver of Jury" on May 30.[2] This document was signed by Igbinosun, her attorney, the Assistant United States Attorney, and District Court Judge Vanessa Gilmore. At the pre-trial conference, also on May 30, defense counsel reiterated the request for a

---

[1] This motion contains the following language: "Defendant is aware of her constitutional right to a jury trial which she has discussed with counsel. Defendant, therefore, waivers her right to a jury trial and seeks a bench trial."

[2] The Waiver of Jury states: "Having been advised by the court that I have the constitutional privilege to a trial by a jury, I voluntarily waive my right to a trial by jury and consent to a trial before the court."

bench trial, and the court asked Igbinosun a series of questions regarding her waiver.[3] Before the verdict was rendered on July 25, 2006, the court again asked Igbinosun whether she had waived her right to trial by jury and if she had discussed it with her lawyer prior to waiver. Igbinosun answered "yes" to both questions.

At trial, the court asked whether either side wished to make an opening statement, an offer which both parties declined. At the close of evidence, the court took a recess, the length of which is not specified in the record, before reconvening to announce the verdict. The court did not ask whether either side wanted to make a closing statement, and neither party asked to do so.

The court convicted Igbinosun on Count II of the indictment (importation of heroin) and acquitted her on Count I (possession of heroin with intent to distribute). At trial, the court made no specific findings of fact, nor did either side request that the court do so.

## II. Analysis

A. <u>Waiver of Right to Trial By Jury</u>

Igbinosun's first argument is that the waiver of her right to trial by jury was not knowing and intelligent.

Fed. R. Crim P. 23(a) has three requirements: that the Defendant waive a jury trial in writing; that the government consent; and that the court approve the agreement. "A written waiver is sufficient to waive trial by jury under Fed. R. Crim. P. 23(a). . . Absent a claim of prejudice, we presume that [the Defendant] understandingly and intelligently waived [her] right to jury trial."

---

[3] Court:    Miss Igbinosun, you have signed this waiver of your right to trial by jury on your own.
Defendant:    Yes, your Honor.
Court:    And this is what you agree to?
Defendant:    Yes, your Honor.
Court:    You understand that by waiving your right to [a] jury, if you have a trial in this case, that it will just be a trial to the court?
Defendant:    Yes, your Honor.

United States v. Tobias, 662 F.2d 381, 387 (5th Cir. 1981). The government has carried its burden to demonstrate adequate waiver under Rule 23(a) in this case, as the record demonstrates that Igbinosun signed a written waiver, in addition to filing a motion for a bench trial and twice stating on the record that she had consulted with counsel before waiving her right to a jury trial.

Igbinosun can point to no prejudice to overcome the presumption that her written waiver was knowing and intelligent. She argues only that the district court judge did not inform her that a jury is comprised of twelve individuals, that she could take place in jury selection, and that the jury verdict must be unanimous. However, this court has stated that "it is not necessary that the district court orally examine the defendant to determine if the waiver was intelligently made" because "absent a claim of prejudice by the defendant, it is assumed that the waiver was knowingly made." United States v. Gordon, 712 F.2d 110, 115 (5th Cir. 1983).[4]

Igbinosun argues that neither Gordon nor Tobias defines what a written waiver must contain to be valid, and cites a Ninth Circuit case for the proposition that in the case where the district court has reason to suspect the Defendant may be suffering from mental or emotional instability, a written waiver without an in-depth "colloquy" conducted by the district court is insufficient. United States v. Christensen, 18 F.3d 822, 826 (9th Cir. 1994). She cites no Fifth Circuit authority for this proposition, and this court has re-

---

[4] These three aspects of a jury trial, in addition to the fact that the court will decide guilt or innocence if the jury trial is waived, are set out in the Benchbook for United States District Court Judges (Federal Judicial Center: 4th ed. 1996, rev. 2000). The better practice would be for a district court to follow the guidelines set out in the Benchbook, in order to avoid the issues raised in this case with respect to waiver. This position has been adopted by several of our sister circuits, in cases which strongly suggest that the district court inform the Defendant of these four points when the issue of jury trial waiver arises. See, e.g., Marone v. United States, 10 F.3d 65, 68 (2d Cir. 1993); United States v. Cochran, 770 F.2d 850, 853 (9th Cir. 1985); United States v. Martin, 704 F.2d 267, 275-76 (6th Cir. 1983); United States v. Delgado, 635 F.2d 889, 890 (7th Cir. 1981).

affirmed the holding of Tobias as recently as last year. See United States v. Madden, 220 Fed. Appx.290, 292 (5th Cir. 2007)(unpublished).

While Igbinosun was originally found not competent to stand trial in August 2005, her condition subsequently changed. Upon re-evaluation, she had been found competent to stand trial by April 2006. She signed a waiver of her right to trial by jury, twice stated on the record that she had consulted with her attorney and understood what the waiver meant, and makes no showing of prejudice. Igbinosun therefore fails to demonstrate a violation of her Sixth Amendment right to a jury trial.

B.    Failure to Present Closing Argument

Igbinosun's second argument is that the district court erred by failing to allow her the opportunity to present closing argument to the court. While constitutional questions are reviewed de novo, United States v. Perez-Macias, 335 F.3d 421, 425 (5th Cir. 2003), cert. denied, 540 U.S. 994, 124 S. Ct. 495 (2003), the fact that Igbinosun did not object below means that the court will review for plain error. United States v. Martinez, 974 F.2d 589, 590 (5th Cir. 1992).

 Like other constitutional rights, the right to present closing argument may be waived. "A defendant may not remain mute during a trial and later complain of errors that might have been corrected by the trial court." Id. "[A]bsent waiver, 'the failure to allow a closing argument constitutes plain error.'" United States v. Davis, 993 F.2d 62, 64 (5th Cir. 1993)(quoting Martinez, 974 F.2d at 591).

Generally, "before a waiver of the right to present closing argument will be found[,] the record must clearly demonstrate its 'intentional relinquishment or abandonment.'" Martinez, 974 F.2d at 591 (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938)). An affirmative waiver on the record

is not necessary; rather, the waiver can be inferred from a review of the entire record. Id. at 591, n.7.[5]

In Martinez, this court stated that:

> The decision respecting closing argument, like many other trial decisions, is a matter of trial strategy. The strategic choice may be even more acute in a bench trial as counsel assesses the judge's reaction to the evidence. Counsel's opting to forego argument in a bench trial and to refrain from objecting to the court's suggestion that arguments were not necessary appears to fit quite comfortably within the general parameters of strategic trial choices.

Id at 591. "The critical factor in deciding whether the silence of counsel constitutes a waiver is whether there was a meaningful opportunity for counsel to request argument or to object, considering all the attendant circumstances." Id.

This case is similar factually to Martinez, in which the court also took a recess after the close of evidence, then announced its decision immediately upon returning. The only difference is that in Martinez, the court stated just before rendering the verdict that he was prepared to rule and did not consider closing arguments necessary. As in the case at bar, counsel in Martinez did not request closing argument, nor object to the court's decision not to have closing arguments. See id. at 590.

Because there was a recess at the close of the evidence and prior to the verdict being rendered, defense counsel in this case had time to collect his thoughts, consult with his client, and decide whether a closing argument might be helpful. There is no indication that the district court judge was overbearing or likely to cut counsel off if he asked to present argument when the judge began to render her decision. The fact that the district judge asked whether counsel wished to make opening statements, an offer which both parties declined,

---

[5] This court has previously noted that requiring a verbal waiver as a matter of course would merely encourage counsel to stand mute in order to "build error" into the record. "Such a result would be untenable." Id.

indicates that she would have been receptive to closing argument had defense counsel requested it.

This court will not sanction a rule that permits defense counsel to build error into the record by foregoing closing argument for tactical reasons, waiting until the court has found the Defendant not guilty on one count, and then turning his own silence into grounds for reversal on the other count. Under these circumstances, the district court's failure to permit Igbinosun to make a closing argument was not plain error.

C.      Verdicts on Counts I and II

Igbinosun's final argument is that the verdict of not guilty on the possession with intent to distribute charge (Count I) is inconsistent with the guilty verdict on the importation charge (Count II). The court reviews for sufficiency of the evidence. Harris v. Rivera, 454 U.S. 339, 344, 102 S. Ct. 460, 463 (1981)("[E]ven if the acquittal rests on an improper ground, that error would not create a constitutional defect in a guilty verdict that is supported by sufficient evidence and is the product of a fair trial."); see also United States v. Mollier, 853 F.2d 1169, 1176 (5th Cir. 1988)("The jury in a criminal case (or a judge, for that matter) is not required to convict a defendant against whom the prosecution raises legally sufficient evidence.").

Under a sufficiency of the evidence review, the court will look at "whether, viewing the evidence and all reasonable inferences most favorably to the prosecution, a reasonable jury could find the evidence inconsistent with all reasonable hypotheses of the defendants' innocence." United States v. Lichenstein, 610 F.2d 1272, 1276 (5th Cir. 1980). "Inconsistency in a verdict is not a sufficient reason for setting it aside." Harris, 454 U.S. at 345, 102 S. Ct. at 464 (citing Dunn v. United States, 284 U.S. 390, 52 S. Ct. 189 (1932)). The decision in Harris extended the Dunn principle to bench trials. Id. at 348, 102 S. Ct. at 465.

Igbinosun suggests that, at a minimum, the district court's failure to make specific findings of fact when rendering its verdict necessitates remand in order to allow the court to make these findings. While it is true that the district court did not make any specific findings of fact in this case, Fed. R. Cir. P. 23(c) only requires that specific findings of fact be rendered if a party requests it before the finding of guilty or not guilty. Neither party did so in this case, and the record does shed light on the district court's reasons for arriving at what Igbinosun claims is an inconsistent result.

At sentencing, the court stated that there "didn't seem like there was any intent there [on Count 1] to me. The Government didn't really have evidence of it." Intent to distribute requires a different mens rea than that needed for importation. While the importation statute requires knowledge that the substance is a controlled substance, United States v. Restrepo-Granda, 575 F.2d 524, 527 (5th Cir. 1978), cert. denied, 439 U.S. 935, 99 S. Ct. 331 (1978), the possession with intent to distribute statute requires proof that the Defendant (1) knowingly (2) possessed the controlled substance (3) with intent to distribute it. United States v. Suarez, 155 F.3d 521, 525 (5th Cir. 1998).

A court is permitted to draw an inference of intent to distribute from the amount of drugs present, see id., but this court has never held that it is required to do so. The government neither elicited testimony regarding the amount of heroin typically held for personal consumption, nor argued that the amount of heroin found supported an inference of intent to distribute. In contrast, Igbinosun testified at trial that while she did not know what kind of drugs she had swallowed, she knew that what she swallowed was, in fact, drugs. Under these facts, the district court could have found that the United States proved intent as to the importation, but not the distribution, count.[6]

---

[6] Igbinosun also argues that the court's comments during sentencing indicate that the court's verdict was based on an error of law because the judge erroneously considered duress to be a defense only to the possession charge, and again suggests that the case

## III. Conclusion

For the reasons discussed above, we affirm the district court.

AFFIRMED.

---

should be remanded for specific factual findings.  However, the district court's somewhat ambiguous comments at sentencing, without more, is not a basis for reversing a verdict where no findings were requested by either party at trial.