**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

BYRON CORNELIUS PRINCE,
*Defendant-Appellant*.

No. 13-30212

D.C. No.
2:12-cr-00110-TOR-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted
August 26, 2014—Seattle, Washington

Filed November 24, 2014

Before: Kim McLane Wardlaw, Ronald M. Gould,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[*]

### Criminal Law

Affirming a sentence, the panel held that attempted robbery under California Penal Code § 211 is a violent felony under the Armed Career Criminal Act because, in the ordinary case, it poses a serious potential risk of injury to another, and because it creates a serious risk of harm roughly similar, in kind and degree of risk posted, to the enumerated offenses burglary and extortion.

### COUNSEL

Matthew Campbell, Federal Defenders of Eastern Washington & Idaho, Spokane, Washington, for Defendant-Appellant.

Michael C. Ormsby, United States Attorney; George J.C. Jacobs, III, Assistant United States Attorney, Eastern District of Washington, Spokane, Washington, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## OPINION

CHRISTEN, Circuit Judge:

Byron Prince appeals the sentence imposed following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prince challenges the district court's conclusion that his prior California attempted robbery conviction was a "violent felony" under the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e)(1)–(2)(B). The district court did not err by ruling that attempt to commit robbery under California Penal Code § 211 qualifies as a "violent felony" for purposes of the ACCA because attempted robbery presents a serious potential risk of physical injury to another, and because it is roughly similar, in kind as well as in degree of risk posed, to burglary and extortion, both of which are listed as violent felonies under the ACCA.

## FACTS

Prince accidentally shot himself with a revolver on June 21, 2011. The government indicted Prince for being a felon in possession of a firearm, and a jury convicted him. Prince was given a mandatory minimum sentence of fifteen years imprisonment because the district court found he had three prior convictions "for a violent felony . . . committed on occasions different from one another," one of which was attempted robbery in California. 18 U.S.C. § 924(e)(1). Prince appeals his sentence and conviction.[1]

---

[1] We affirm the district court's judgment of conviction in a separate memorandum disposition issued concurrently.

## STANDARD OF REVIEW

Because Prince did not object in the district court on the basis that his attempted robbery conviction was not a violent felony, we review this issue for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). However, our conclusion would not differ on de novo review.

## DISCUSSION

The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

The government argues that Prince's prior conviction for attempted robbery in California categorically satisfies the residual clause, because attempted robbery "involves conduct that presents a serious potential risk of physical injury to another."

In California, "[r]obbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will,

accomplished by means of force or fear."  Cal. Penal Code § 211.  "An attempted robbery requires a specific intent to commit robbery and a direct, ineffectual act (beyond mere preparation) toward its commission."  *People v. Medina*, 161 P.3d 187, 192 (Cal. 2007).  Attempt "must go so far that [it] would result in the accomplishment of the crime unless frustrated by extraneous circumstances."  *People v. Memro*, 700 P.2d 446, 474 (Cal. 1985), *overruled on other grounds by People v. Gaines*, 205 P.3d 1074 (Cal. 2009).

In *United States v. Chandler*, 743 F.3d 648, 650 (9th Cir. 2014), we established that the two-step framework for determining whether a conviction under state law qualifies as a crime of violence under the Sentencing Guidelines' Career Offender enhancement also applies to determining whether a crime is a violent felony under the ACCA's residual clause:[2]

> First, the conduct encompassed by the elements of the offense, in the ordinary case, must present a serious potential risk of physical injury to another.  Second, the state offense must be roughly similar, in kind as well as in degree of risk posed to those offenses enumerated at the beginning of the residual clause—burglary of a dwelling, arson, extortion, and crimes involving explosives.

---

[2] "[A] violent felony as defined in the ACCA is nearly identical to a 'crime of violence' as defined in the Sentencing Guidelines' Career Offender enhancement." *Chandler*, 743 F.3d at 650 (comparing 18 U.S.C. § 924(e)(2)(B)(ii) with U.S. Sentencing Guidelines Manual § 4B1.2(a)). Thus, "we have used our analysis of the definition of crime of violence in the Sentencing Guidelines to guide our interpretation of violent felony in the ACCA." *Id.*

*Id.* (alterations, citations, and internal quotation marks omitted). Applying this framework, we conclude that attempted robbery under California Penal Code § 211 qualifies as a violent felony under the ACCA's residual clause.

## I. Attempted robbery, in the ordinary case, presents a serious risk of potential injury to another.

Prince argues that "[t]he elements of attempted robbery do not present a serious potential risk of physical injury to another" because the law in California permits convictions for attempted use or threatened use of force against property, and because "th[e] force need not be violent physical force." The problem with this argument is that the ACCA's residual clause does not require the actual use of violent physical force; it expressly requires only "conduct that presents a serious *potential risk* of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).

As we previously stated in *United States v. McDougherty*, 920 F.2d 569, 574 (9th Cir. 1990), when considering whether robbery as defined in California is a crime of violence for the purposes of the Sentencing Guidelines § 4B1.2, robbery "is certainly the kind of crime that presents a serious risk that physical force may be used." Where there is a serious risk that physical force may be used directly against the victim or in the victim's presence, there is a serious potential risk of physical injury to another. This risk is illustrated by numerous cases in which conduct resulting in conviction under § 211 undeniably created a serious risk of physical injury, or did in fact result in serious injury. *See, e.g.*, *People v. Hensley*, 330 P.3d 296, 303 (Cal. 2014) (defendant shot and killed victim before taking his property); *People v. Gomez*,

179 P.3d 917, 919–20 (Cal. 2008) (defendant fired shots at victim while fleeing from scene of robbery); *People v. Bolden*, 58 P.3d 931, 956 (Cal. 2002) (holding that jury could infer that the defendant killed the victim primarily to facilitate a robbery); *People v. Ramirez*, 39 Cal. App. 4th 1369, 1374–75 (1995) (defendant stabbed victim after taking property). It may be possible to imagine a set of facts involving an attempted robbery that does not present a serious risk of potential injury to another, but our task is to consider the risk posed in the ordinary case, *Chandler*, 743 F.3d at 650, and we have no difficulty in concluding California's definition of attempted robbery satisfies this test.

The outcome of this case does not change because Prince was convicted of attempted robbery rather than robbery. In California, attempt "must go so far that [it] would result in the accomplishment of the crime unless frustrated by extraneous circumstances." *Memro*, 700 P.2d at 474. We have held that "an attempt to commit a crime of violence is itself a crime of violence" under U.S. Sentencing Guidelines Manual § 4B1.2. *United States v. Wenner*, 351 F.3d 969, 976 (9th Cir. 2003). Further, the primary risk of physical injury associated with robbery does not come from the completed taking of property; rather, it comes from the potential for use of force and the potential for confrontation between the robber and the victim or a third party. *Cf. James v. United States*, 550 U.S. 192, 203–04 (2007) (holding that burglary and attempted burglary create the same risk of face-to-face confrontation.). Because the potential for confrontation or use of force does not depend on the robber's success in taking property, attempt to commit robbery presents the same potential risk of injury as robbery itself.

**II. The risk of injury in attempted robbery is roughly similar, in kind and degree, to that of the offenses enumerated in the ACCA.**

When considering whether the risk of injury presented by a state offense is roughly similar to that of the offenses enumerated in the ACCA, we apply one of two standards. *See Chandler*, 743 F.3d at 651. If the statute of conviction involves a strict liability, negligence, or recklessness offense, the conviction qualifies as a violent felony only if it "involve[s] purposeful, violent, and aggressive conduct." *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 144–45 (2008) (internal quotation marks omitted)). For offenses that are not strict liability, negligence, or recklessness crimes, we "focus on whether the risk posed by the state offense 'is comparable to that posed by its closest analog among the enumerated offenses.' " *Id.* (quoting *James v. United States*, 550 U.S. 192, 203 (2007)). Attempted robbery under California Penal Code § 211 is a specific intent crime, *Medina*, 161 P.3d at 192, not a strict liability, negligence, or recklessness offense. We therefore consider whether the risk it poses is comparable to any of the offenses enumerated in the ACCA. *See Chandler*, 743 F.3d at 651.

The ACCA lists burglary and extortion, among others, as enumerated offenses. 18 U.S.C. § 924(e)(2)(B)(ii). The generic definition of burglary is "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). The generic definition of extortion is "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003) (citations and internal quotation marks omitted).

In *Chandler*, we held that conspiracy to commit robbery under Nevada law qualified as a violent felony for purposes of the ACCA because "conspiracy to commit robbery in Nevada is . . . similar, in kind and degree of risk posed, to extortion and burglary." 743 F.3d at 655. Nevada's robbery statute is very similar to California's.[3] There are two pertinent differences: first, in Nevada, robbery may be committed by means of "force or violence or fear of injury," Nev. Rev. Stat. § 200.380, while in California robbery may be committed only by means of "force or fear," Cal. Penal Code § 211; second, the Nevada statute defines who or what the "force or violence or fear of injury" must be directed towards, Nev. Rev. Stat. § 200.380, while the California statute does not, Cal. Penal Code § 211. In the ordinary case, conduct satisfying the definition of robbery in California would also satisfy the definition of robbery in Nevada. Though not dispositive, our conclusion in *Chandler* is persuasive, and we employ the same framework here.

Attempted robbery in California poses risks similar to generic burglary because the risk of injury in both robbery and burglary "is 'the possibility of a face-to-face confrontation' with the victim or an intervener" that may end

---

[3] In Nevada:

> [r]obbery is the unlawful taking of personal property from the person of another, or in the person's presence, against his or her will, by means of force or violence or fear of injury, immediate or future, to his or her person or property, or the person or property of a member of his or her family, or of anyone in his or her company at the time of the robbery.

Nev. Rev. Stat. § 200.380.

in violence. *Chandler*, 743 F.3d at 654 (quoting *James*, 550 U.S. at 203). As we observed in *Chandler*, "the risk posed by robbery may actually be greater than the risk posed by burglary because robbery requires taking from a person, against his or her will, by means of force or violence or fear of injury." *Id.* at 655. In California, robbery may be accomplished without directly "taking from a person," but because it cannot be accomplished without taking from the victim's "person *or immediate presence*," Cal. Penal Code. § 211 (emphasis added), it necessarily involves a risk of face-to-face confrontation similar to that inherent in burglary.

To the extent that California Penal Code § 211 presents some risks of injury different than the risk of face-to-face confrontation inherent in burglary—because it encompasses takings or attempted takings by means of fear and takings by means of force directed against property, *see United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008) ("Section 211 is broader [than generic robbery] because it encompasses mere threats to property.")—the conduct creating these types of risks satisfies the generic definition of extortion. Taking property by means of fear easily fits within the generic definition of extortion. *See Scheidler*, 537 U.S. at 409 (defining extortion as "obtaining something of value from another with his consent induced by the wrongful use of force, *fear, or threats*" (emphasis added) (internal quotation marks omitted)). And we have previously held that "[t]akings through threats to property and other threats of unlawful injury fall within generic extortion." *Becerril-Lopez*, 541 F.3d at 891; *see also Chandler*, 743 F.3d at 654 (holding that robbery in Nevada "satisfies the generic definition of extortion" (alteration omitted)). Thus, the risks presented by attempted robbery that differ from the risks presented by

burglary are risks associated with generic extortion, another crime enumerated in the ACCA.

We conclude that a conviction for attempted robbery under California Penal Code § 211 is a violent felony under the ACCA because, in the ordinary case, it poses a serious potential risk of injury to another, and because it creates a serious risk of harm roughly similar, in kind and degree of risk posed, to the enumerated offenses burglary and extortion.

## CONCLUSION

The sentence imposed by the district court is **AFFIRMED**.