**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

PAUL JOSEPH RICHTER,
*Defendant-Appellant*.

No. 14-30003

D.C. No.
9:13-cr-00023-DWM-1

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted
February 6, 2015—Seattle, Washington

Filed April 2, 2015

Before: Carlos T. Bea and Mary H. Murguia, Circuit
Judges, and William Orrick, District Judge.[*]

Opinion by Judge Orrick

---

[*] The Honorable William Orrick, United States District Judge for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Criminal Law

Affirming a conviction for felon in possession of a firearm, the panel held that waiver of the right to give a closing argument may be implicit and inferred from counsel's conduct, so long as there was a meaningful opportunity to request argument and the trial judge does nothing to prevent counsel from giving a closing argument.

The panel held that the defendant implicitly waived his right to give a closing argument in this case, and that the evidence presented at trial was sufficient to support the conviction.

### COUNSEL

Michael Donahoe, Esquire (argued), Assistant Federal Public Defender, Federal Defenders of Montana, Helena Branch Office, Helena, Montana, for Defendant-Appellant.

Paulette L. Stewart, Esquire (argued), Office of the United States Attorney, Helena, Montana, for Plaintiff-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# OPINION

ORRICK, District Judge:

Paul Joseph Richter appeals his conviction for felon in possession of a firearm that was rendered by the district court following a bench trial. He contends that there was insufficient evidence that he possessed the firearm and that the district court erred by failing to call for closing arguments from the parties before rendering its guilty verdict. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because there was sufficient evidence to support Richter's conviction and since he implicitly waived his right to give a closing argument, we affirm his conviction.

## Facts and Procedural History

Richter was charged with being a felon in possession of a firearm. The superseding information, issued on August 30, 2013, reads as follows:

> That on or about and between August 15, 2012, and continuing until October 20, 2012, in Missoula and Ravalli Counties, in the State and District of Montana, the defendant, PAUL JOSEPH RICHTER, having been convicted on December 18, 2007, of a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Montana, knowingly and unlawfully possessed, in and affecting interstate commerce, a firearm, that is a Taurus .454 caliber revolver (serial number RC634865), in violation of 18 U.S.C. § 922(g)(1).

In pre-trial proceedings, Richter waived his right to a jury trial.

On the day of trial, the parties did not give opening statements. The government called four witnesses, two of whom are relevant here. Richter's father, Jack, testified that the gun at issue had been stolen from his son several years earlier and that his son had re-discovered it at a pawnshop. After the sheriff's department retrieved the firearm from the pawnshop, the father picked up the firearm from the sheriff on August 15, 2012, and brought it to the father's home. He testified that his son came over shortly thereafter, alone, grabbed the firearm, and walked out of the house with it in his hand.

Richter's probation officer then testified that he and another officer searched Richter's house on Monday, October 22, 2012 in response to a report of a domestic disturbance over the weekend. Richter was in jail at the time of the search. His bedroom was locked. The probation officer telephoned Richter, who told him that there was a key to the bedroom in a closet next to the bedroom. The probation officer located the key, searched the room, and found the firearm underneath Richter's bed, loaded and in a holster. The probation officer testified that he met with Richter at the jail the following day and that Richter admitted possessing the firearm.

After the government rested, Richter's counsel moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 for insufficient evidence. The judge denied the motion on the spot, noting the father's testimony that Richter took the firearm and the probation officer's testimony that the firearm was found under Richter's bed.

Richter then called his only witness, Emily Kirschten, his fiancée. She testified that she, not Richter, retrieved the firearm from his father's house. She said that she entered the house and, without seeing or speaking to the father, picked up the firearm from the table in the kitchen, took it from the house, and placed it in the trunk of her car. She stated that she intended to sell the firearm. Kirschten also testified that the firearm was in her trunk at the time of the domestic disturbance and that she placed it under Richter's bed when he was taken to jail following the incident.

At the close of evidence, only an hour and a half after the trial had begun, the district court judge announced that he would take a recess. He asked whether either party wanted a statement of findings of fact before the finding of guilty or not guilty, as authorized by Federal Rule of Criminal Procedure 23. Both sides declined. Following a 31-minute recess, the judge returned to the bench and announced his judgment, finding Richter guilty of being a felon in possession.

## I.   Sufficiency of the Evidence

Richter argues that there was insufficient evidence that he possessed the firearm. We disagree.

### A.  Standard of Review

We employ a two-step inquiry to determine whether there was sufficient evidence to support a conviction. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). First, we review the evidence presented at trial in the light most favorable to the prosecution. "This means that a court of appeals may not

usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *Id.* (citation omitted). "Rather, when faced with a record of historical facts that supports conflicting inferences a reviewing court must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id*. (internal quotation marks omitted).

Second, "after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *Id.* (citing *Jackson*, 443 U.S. at 319). The question is whether *any* rational trier of fact could have made that finding, not whether we believe that the evidence presented at trial established guilt beyond a reasonable doubt. *Id*.

**B. Discussion**

Viewed in the light most favorable to the government, the evidence presented at trial showed that Richter took possession of the firearm from his father's house on August 15, 2012 and left the house with the firearm in his hand. The probation officer found the firearm on Monday, October 22, 2012 under Richter's bed in Richter's locked bedroom. Richter subsequently admitted to the probation officer that he possessed the firearm. That evidence is sufficient to sustain the verdict.

Richter appears to argue that there was insufficient evidence because Kirschten provided an innocent explanation

for the firearm. But even an "equally plausible innocent explanation" is not sufficient to overturn a verdict. *Nevils*, 598 F.3d at 1169 ("At this step of *Jackson*, we do not construe the evidence in the light most favorable to innocence, and therefore do not consider Nevils's argument that there is an equally plausible innocent explanation for the loaded firearms lying on and near his body."). And, suffice it to say, Kirschten's testimony was not equally plausible.[1]

## II. Closing Argument

Richter asserts that the district court judge erroneously failed to afford him the opportunity to present a closing argument and that this was structural error requiring a new trial. The government argues that the district court judge did not err because Richter waived his right to give a closing argument. We hold that, under the circumstances of this case, Richter implicitly waived his right to give a closing argument.

### A. Standard of Review

Richter argues that the district court had an obligation to *sua sponte* call for closing argument. We review this claim for "plain error" because Richter did not raise the issue before the district court. Fed. R. Crim. P. 52(b); *United States v.*

---

[1] The district court may have concluded that Kirschten's credibility was suspect for various reasons, including her testimony that the firearm was in a holster when she retrieved it from Richter's father's house, which was contrary to the father's testimony; her testimony that she had not sold the firearm in the two months since she had recovered it because she was trying to find who would pay the most for it; and her testimony that she had placed the firearm under Richter's bed even though she told the probation officer that there were no firearms in the house.

*Prince*, 772 F.3d 1173, 1175 (9th Cir. 2014). "Under the plain error standard of review, the appellant must show that: (1) there was error; (2) the error committed was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (citations omitted).

## B.  Discussion

"The constitutional right to assistance of counsel includes the right for defense counsel to 'make a closing summation to the jury.'" *United States v. Bell*, 770 F.3d 1253, 1257 (9th Cir. 2014) (quoting *Herring v. New York*, 422 U.S. 853, 858 (1975)).  However, a defendant can waive the right to present a closing argument.  In *Bell*, we held that a *pro se* defendant explicitly waived the right to present closing argument when he stated that he did "not consent to these proceedings" after the district court told the parties before recess that it would hear closing arguments when proceedings resumed, and the defendant then remained silent after the government delivered its closing argument.  *Bell*, 770 F.3d at 1256.  We explained that:

> Nothing in *Herring* or our precedents gives a self-represented defendant a right to be affirmatively and individually advised that he or she has a right to present a closing argument. Rather, these cases held that a court may not prevent a litigant from making a closing argument. Bell's Sixth Amendment

right was not violated because he was not precluded from making his closing argument and simply chose to remain silent.

*Id.* at 1257.

*Bell* involved explicit waiver of the right to present a closing argument. This court has never squarely addressed whether a party can implicitly waive the right to give a closing argument. Several of our sister circuits have reached this question and held that a waiver of the right to present a closing argument may be implicit and inferred from counsel's silence so long as there was a meaningful opportunity for counsel to request argument, considering the circumstances. *See, e.g.*, *United States v. Igbinosun*, 528 F.3d 387, 391–92 (5th Cir. 2008); *United States v. Stenzel*, 49 F.3d 658, 661–62 (10th Cir. 1995); *United States v. Spears*, 671 F.2d 991, 995 (7th Cir. 1982).

*Igbinosun* is factually similar to this case. After a bench trial, the appellant was convicted of importing a controlled substance. *Igbinosun*, 528 F.3d at 389. Neither side gave an opening statement. *Id*. at 390. The trial judge took a recess at the close of evidence and then reconvened to announce the decision. *Id*. The judge did not ask whether either side wanted to make a closing statement, and neither party asked to do so. *Id*. The Fifth Circuit inferred the appellant's waiver of the right to present closing argument from the record, explaining that "[t]he critical factor in deciding whether the silence of counsel constitutes a waiver is whether there was a meaningful opportunity for counsel to request argument or to object, considering all the attendant circumstances." *Id.* at 391. As the court explained:

> Because there was a recess at the close of the evidence and prior to the verdict being rendered, defense counsel in this case had time to collect his thoughts, consult with his client, and decide whether a closing argument might be helpful. There is no indication that the district court judge was overbearing or likely to cut counsel off if he asked to present argument when the judge began to render her decision.

*Id*. at 392.    The court concluded that "[u]nder these circumstances, the district court's failure to permit Igbinosun to make a closing argument was not plain error." *Id*.

We now join our sister circuits and recognize that waiver of the right to give a closing argument may be implicit and inferred from counsel's conduct, so long as there was a meaningful opportunity for counsel to request argument and the trial judge does nothing to prevent counsel from giving a closing argument.

The background facts provide context for the waiver here. Richter was represented by an experienced criminal defense attorney, a Senior Litigator with the Federal Defender. The trial was quick, lasting less than two hours. Neither side gave an opening statement. The evidence and legal issues in the trial were straightforward.

At the close of evidence, the judge announced that he would take a recess. He asked whether either party wished to invoke Rule 23(c), under which, as the judge explained to the parties, "if a party requests, before the finding of guilty or not guilty, the Court must state its specific findings of fact in

open court or in a written decision or opinion." Neither side invoked Rule 23(c). There was then a 31-minute recess before the judge returned and announced his decision.

During the 31-minute recess that followed, Richter's counsel had the opportunity to collect his thoughts, consult with Richter, and decide whether a closing argument might be helpful. When the judge returned, Richter's counsel still did not request a closing argument. Nor did Richter's counsel object when the judge began to render the decision, move to strike the decision after it was rendered so that he could give his closing argument, or otherwise inform the judge after the decision that he had intended to present a closing argument. After rendering the decision and explaining sentencing procedures to Richter, the judge asked if either party had anything further to say. Richter's counsel declined.

Richter's counsel never asked to give a closing argument. In light of the short and uncomplicated trial, foregoing closing argument was a reasonable strategy (the government likewise did not give a closing argument). The defense already had made and argued an unsuccessful Rule 29 motion at the end of the government's case.

Richter's counsel had meaningful opportunities to request a closing argument. Given the judge's offer to provide his findings of fact "before the finding of guilty or not guilty," the defense should have understood that the judge was preparing to render his decision. Yet Richter's counsel did not state that he intended to give a closing argument at that time, even as he declined the judge's invitation for findings of fact. There is no indication that the judge would have prevented Richter from giving one had he said that he wanted to do so.

It may be preferable for a trial judge affirmatively to ask whether the parties wish to give closing arguments and thereby avoid ambiguity as to whether waiver has occurred. But there is no obligation to do so. We conclude that Richter implicitly waived his right to give a closing argument.

## Conclusion

For the foregoing reasons, we AFFIRM Richter's conviction for felon in possession of a firearm.

**AFFIRMED**.