NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10408 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00157-KJM |
| v. | |
| RODOLFO CEJA LOPEZ, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 10, 2018**

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges

Rodolfo Ceja Lopez, Jr. appeals from the district court's order affirming his conviction for driving when privilege suspended and revoked for driving with excessive blood alcohol, in violation of 18 U.S.C. § 13 and California Vehicle Code § 14601.5(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Lopez first contends that the magistrate judge violated his Sixth Amendment right to confrontation by admitting into evidence a notice from the California Department of Motor Vehicles (the "DMV notice") that detailed the findings and decision from a suspension hearing following Lopez's 2015 arrest for driving under the influence. Admission of the DMV notice into evidence did not violate Lopez's rights under the Confrontation Clause because the notice is a public document that was not made in anticipation of litigation and is non-testimonial in nature. *See United States v. Ballesteros-Selinger*, 454 F.3d 973, 975 (9th Cir. 2006).

Lopez next contends that the government did not prove beyond a reasonable doubt that he had knowledge of his underlying suspension at the time of the instant offense. This argument also fails because, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that Lopez knew that his driver's license had been suspended. *See United States v. Webster*, 623 F.3d 901, 907 (9th Cir. 2010). Because we reach this conclusion without resort to any evidentiary presumptions contained in the California Vehicle Code, we do not reach Lopez's argument that those presumptions are not assimilated under the Assimilative Crimes Act.

Finally, Lopez contends that the magistrate judge violated his Sixth Amendment right to assistance of counsel by denying his attorney the opportunity

to present a closing argument.  This argument is belied by the record, which indicates that Lopez's counsel had a meaningful opportunity to request a closing argument but remained silent.  *See United States v. Richter*, 782 F.3d 498, 503 (9th Cir. 2015).

**AFFIRMED.**

17-10408