

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00148-CR

MONTY DURELL BRYANT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 440th District Court
Coryell County, Texas
Trial Court No. 20-26000

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Following a bench trial, the 404th Judicial District Court of Coryell County[1] found Monty Durell Bryant guilty of four counts of indecency with a child and sentenced him to fifty years' imprisonment on each count, with the sentences to run concurrently. In his sole issue on appeal, Bryant contends that he should receive a new trial because the record does not demonstrate that he knowingly and intelligently waived his right to a jury trial. For the reasons below, we modify the trial court's nunc pro tunc judgments of conviction and affirm the judgments, as modified.

## I.    Discussion

In his sole point of error on appeal, Bryant argues that there is no evidence in the record to support a finding that he knowingly and voluntarily waived his right to a jury trial. As a result, he contends that his constitutional rights were violated when he was tried by the court. For the reasons below, we conclude that Bryant has not established constitutional error.

"A defendant has an absolute right to a jury trial." *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009); *see* U.S. CONST. amend. VI; TEX. CONST. art. I, § 15. Yet, a defendant also has the right to waive that right. *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275 (1942).

"As a matter of protecting a defendant's constitutional right to a jury trial, the State must establish on the record an express, knowing, and intelligent waiver." *Munguia v. State*, 636

---

[1]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. In the event a conflict exists between precedent in the Tenth Court of Appeals and that of this Court on any relevant issue, we will follow the precedent of the Tenth Court of Appeals. *See* TEX. R. APP. P. 41.3.

S.W.3d 750, 757 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (citing *Hobbs*, 298 S.W.3d at 197). "A defendant's mere acquiescence in proceeding to trial without a jury does not constitute an express waiver." *Id.* (citing *Ex parte Lyles*, 891 S.W.2d 960, 962 (Tex. Crim. App. 1995) (orig. proceeding)). Likewise, the waiver of the right to a jury trial cannot be presumed "from a silent record." *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Even so, "[n]either the federal nor the state constitution requires that trial by jury be waived in writing." *Munguia*, 636 S.W.3d at 757 (citing *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002)).

Bryant contends that the record does not reflect that he entered his written waiver of a jury trial knowingly and intelligently. Bryant also complains that the trial court did not timely admonish him of his right to a jury trial before the commencement of trial but, rather, did so after multiple witnesses had testified.

The Texas "[L]egislature has chosen to observe careful regulation of that constitutional right by specifying how that right may be waived." *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993) (orig. proceeding). Article 1.13(a) of the Texas Code of Criminal Procedure provides that the defendant "shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that . . . the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state." TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (Supp.). In this case, before the commencement of trial, Bryant executed a written waiver, which stated,

> On September 6, 2022, MONTY BRYANT, Defendant, comes before the Court and hereby waives the right to a jury trial in this cause.

3

1.      This waiver is made pursuant to Article 1.13 of the Code of Criminal Procedure.

2.      This cause is a criminal prosecution for a case other than a capital felony.

3.      This waiver is made in open court and in writing and is done with consent and approval of the court and the attorney for the state.

I hereby waive my right to a jury trial in this proceeding.

Bryant, his trial counsel, and the State signed the waiver. On the same day, though in the middle of trial, the trial court "accepted and approved [the waiver]." Moreover, the clerk's record reflects that the trial court accepted Bryant's waiver on September 6. In addition, the trial court's judgments of conviction clearly indicated that Bryant waived his right to a jury trial.

Despite that evidence, Bryant contends that the *written* waiver did not indicate that he forfeited his right to a jury trial knowingly and intelligently. However, he does not direct us to, nor have we found, legal authority that requires the inclusion of such language in a *written* waiver. To the contrary, Article 1.13(a) of the Texas Code of Criminal Procedure does not dictate such a requirement.[2]

Citing to several federal court decisions, Bryant also argues that "[t]he trial court should [have] conduct[ed a] colloquy on the record to insure that [he] underst[ood] the right to a trial by jury and the consequences of the decision to waive that right." *See United States v. Martin*, 704 F.2d 267, 272 (6th Cir. 1983); *see also United States v. Cochran*, 770 F.2d 850, 852 (9th Cir. 1985) ("Trial court should conduct colloquies with the defendant before accepting a waiver of the right to jury trial."); *United States v. Anderson*, 704 F.2d 117, 119 (3rd Cir. 1983) ("[W]e

_____

[2]Bryant concedes that there has been no statutory violation because a written waiver is in the record.

4

believe that a colloquy between the district judge and the defendant is preferable to the mere acceptance by the court of the written waiver and the filing of it in the record of the case."). "The waiver and trial court colloquy must appear at the time the stipulation is made, and not at some subsequent point." *See United States v. Reyes*, 603 F.2d 69, 72 (9th Cir. 1979).[3]

The Waco Court of Appeals addressed this very issue in *Ragan v. State*, 608 S.W.3d 853 (Tex. App.—Waco 2020, pet. ref'd). In that case, the appellate court rejected Ragan's argument that the trial court should "engage in a specific 'colloquy' used by some federal and state courts" to ensure that a defendant waived his right to a jury knowingly and voluntarily. *Id.* at 855; *see also Tiller v. State*, No. 08-12-00325-CR, 2014 WL 580245, at *5 (Tex. App.—El Paso Feb. 12, 2014, no pet.) (op., not designated for publication) ("We have found no cases supporting Appellant's argument that the trial court was required to admonish Appellant prior to accepting his jury trial waiver.").[4]

---

[3]Bryant also cites *United States v. Scott*, 583 F.2d 362, 363 (7th Cir. 1978) (per curiam), and *United States v. David*, 511 F.2d 355, 361 (D.C. Cir. 1975). Notably, he does not provide any Fifth Circuit cases in support of his argument that a colloquy between the trial court and a defendant is required to prove a defendant's knowing and intelligent waiver of a jury trial. However, the State points to *Scott v. Cain*, 364 F. App'x 850 (5th Cir. 2010) (per curiam), where the Fifth Circuit Court of Appeals explained that it did not "require[] a set colloquy before a jury waiver can be accepted." *Id.* at 855.

[4]As explained in *Ragan*, the Waco Court of Appeals has found that there is no requirement that the trial court engage in a specific colloquy. In this case, after two of the State's witnesses had testified, the trial court asked Bryant whether he had executed a jury waiver. Bryant's counsel answered, "We executed a new one, and the State has it. It was all signed for today." In addition, following a third witness' testimony, the trial court again raised the waiver issue, directly speaking to Bryant. The court asked Bryant if he was "giving up [his] right to a trial by jury and submitting [the] case to the Court" for its decision, to which Bryant answered, "Yes, sir." The court then asked if Bryant was giving up his right to a jury trial "freely and voluntarily." Bryant again responded, "Yes, sir." Bryant further told the court that he had not been forced to waive his right to a jury trial. Although that line of questioning may have been better addressed before the commencement of trial, it is further evidence that Bryant knowingly and intelligently waived his right to a jury trial.

5

Noting that this case was transferred from the Waco Court of Appeals to this Court, Bryant contends that the language in the *Ragan* decision was not a "holding"; rather, he argues, it was dicta that this Court, as the transferee court, is not required to follow.[5] We disagree.

Dicta is language in an opinion that is unnecessary to the disposition of the case. *State v. Brabson*, 976 S.W.2d 182, 186 (Tex. Crim. App. 1998). In *Ragan*, as in this case, Ragan did not contest the statutory validity of his waiver of a jury trial. This is so because he signed the waiver, which could be found in the record, and he conceded that it rendered his waiver voluntary.[6] *Ragan*, 608 S.W.3d at 855. "Rather, his only complaint is that the trial judge did not engage in a specific 'colloquy' used by some federal and state courts and the BENCH BOOK FOR UNITED STATES DISTRICT COURT JUDGES which, his argument continues, would ensure the jury trial waiver was also intelligent and knowing." *Id.* The appellate court clearly stated in its holding, "We decline to follow those courts and the federal bench book." *Id.* Thereafter, the court found that the State had established that Ragan expressly, knowingly, and intelligently waived his right to a jury trial.

---

[5]Rule 41.3 of the Texas Rules of Appellate Procedure states,

> In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. The court's opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent.

TEX. R. APP. P. 41.3.

[6]In this case, Bryant does not contend that his jury waiver was not voluntarily made, only that the evidence does not support a finding that the waiver was knowing and intelligent.

The Texas Court of Criminal Appeals recently addressed the knowing and intelligent waiver requirement. *Rios v. State*, 665 S.W.3d 467 (Tex. Crim. App. 2022). *Rios* stated,

> A defendant need not understand every nuance of the right to a jury before waiving that right (and we decline to adopt any definitive statement), but a waiver cannot be knowing and intelligent unless the record shows that the defendant at least had sufficient awareness of the relevant circumstances and likely consequences of waiving his right to a jury.

*Id.* at 482. *Rios* set out several factors that could be considered in the analysis. *Id.* at 479.

Significantly for present purposes, one of the factors listed in *Rios* is whether there was a written waiver. *Id.* at 470.[7] Another factor listed by *Rios* was "whether the trial court admonished the defendant about his right to a jury." *Id.* at 480. However, *Rios* noted, "While

---

[7]*Rios* specifically noted the federal presumption created by a written waiver: "Compliance with the requirements of [Rule 23(a) of the Federal Rules of Criminal Procedure] creates a presumption that the waiver is a voluntary, knowing and intelligent one." *Rios*, 665 S.W.3d at 480 n.24 (quoting *United States v. Cochran*, 770 F.2d 850, 851 (9th Cir. 1985)); FED. R. CRIM. P. 23(a) ("If the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves."). An example of a written waiver found sufficient by the Fifth Circuit is as follows: "Having been advised by the court that I have the constitutional privilege to a trial by a jury, I voluntarily waive my right to a trial by jury and consent to a trial before the court." *United States v. Igbinosun*, 528 F.3d 387, 389 n.2 (5th Cir. 2008). That waiver was accompanied by a brief colloquy:

> Court: Miss Igbinosun, you have signed this waiver of your right to trial by jury on your own.
>
> Defendant: Yes, your Honor.
>
> Court: And this is what you agree to?
>
> Defendant: Yes, your Honor.
>
> Court: You understand that by waiving your right to [a] jury, if you have a trial in this case, that it will just be a trial to the court?
>
> Defendant: Yes, your Honor.

*Id.* at 389 n.3 (alteration in original). On those facts, the Fifth Circuit found no Sixth Amendment violation. *Id.* at 391.

admonishments are preferred by many courts, numerous courts have held a colloquy regarding the waiver of a jury is unnecessary." *Id.* at 480 n.25.

Thus, *Rios* neither required lengthy colloquies nor gave its blessing to short (or absent) colloquies. Neither, however, did *Rios* foreclose the possibility of finding the colloquy in a given case sufficient under all the circumstances. *Ragan* did much the same, noting an unpublished Fifth Circuit case holding that, while lengthier colloquies may be the "better practice," they were not required. *Ragan*, 608 S.W.3d at 855 n.1 (citation omitted). However, by finding a specific written waiver and on-the-record discussion constitutionally sufficient, *Ragan* did take a step *Rios* did not. *Id.* at 855. This is because *Ragan* dealt with facts more similar to the facts now at hand, whereas a written waiver was not at issue in *Rios*.[8]

We see nothing in *Rios*, then, which would dissuade us from applying the Waco precedent in *Ragan* to this case, with facts very similar to *Ragan* that arose within the jurisdiction of the Waco court.

Accordingly, we overrule Bryant's sole point of error.

## II. Modification of Trial Court's Judgments Nunc Pro Tunc

Here, the trial court's judgments nunc pro tunc reflect that Bryant pled guilty to the charged offenses when, in fact, he pled not guilty. "Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker v. State*, 557 S.W.3d 678, 690 (Tex. App.—Texarkana 2018, pet. ref'd) (quoting *Ferguson v.*

---

[8]In *Rios*, the Texas Court of Criminal Appeals was faced with a defendant who had *not* executed a written waiver pursuant to Article 1.13(a). *Rios*, 665 S.W.3d at 482 ("No jury waiver was executed in this case and the right to a jury trial was never discussed in open court.").

*State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, no pet.), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd); *see Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) ("This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd))). We, therefore, modify the trial court's nunc pro tunc judgments of conviction to reflect Bryant's pleas of not guilty to the charged offenses.

## III. Conclusion

As modified, we affirm the trial court's nunc pro tunc judgments of conviction.


Jeff Rambin
Justice


Date Submitted: May 17, 2023
Date Decided: June 16, 2023

Do Not Publish

9